GROSS, J.,
concurring specially.
The issue in this case is whether a former husband may maintain a suit for damages against his former wife, her parents, and her new husband arising out of their interference with the quality of the former husband’s relationship with his daughter.
As the majority notes, there is no allegation that the maternal grandparents and the stepfather interfered with the father’s physical custody of the child. The case therefore falls outside of the cause of action recognized in Stone v. Wall, 734 So.2d 1038 (Fla.1999). The allegations of the complaint do not describe conduct so outrageous in character and extreme in degree as to go beyond all bounds of decency, the standard for intentional infliction of emotional distress. Since there is no underlying tort that these strangers to the marriage committed, there could have been no actionable conspiracy.
As to the former wife, I believe that public policy reasons weigh against the causes of action pled in the complaint. This case does not involve an abduction of the child. Count I involves the claim that the wife fostered “disrespect, dislike and hatred” of the former husband by his daughter. Count II alleges a breach of a provision of the property settlement agreement concerning the post-divorce behavior of the parties.
These types of disputes are best handled in a family division by a judge exercising equitable powers. Two purposes of Chapter 61, Florida Statutes (2000) are:
[[Image here]]
(b) To promote the amicable settlement of disputes that arise between parties to a marriage; and
(c) To mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of mar *977 riage. § 61.001(2)(b) & (c), Fla.Stat. (2000).
These statutory purposes are not enhanced by the creation of a new front in the divorce wars — a cause of action for damages arising from the parties’ relationship with their children. Because of the speed with which it can address a problem pertaining to a child, the family court is better suited than the civil court to address such issues. In the time that a defendant in a civil suit has to file a motion to dismiss, a family court judge can hold a hearing, take evidence, and fashion a remedy.
A family court has remedial tools available to modify behavior and address a child-related issue before it festers into a problem beyond control. For example, the family judge can modify visitation schedules, order counseling, or drop the hammer of contempt or attorney’s fees on the intransigent. If the prospect of contempt cannot deter conduct deleterious to the parties’ child, then the abstract possibility of a damages judgment in the distant future will be even less likely to modify behavior.
Judges should not create causes of action that would undercut the extensive treatment of child-related matters in Chapter 61. Involvement of children in protracted litigation in pursuit of a money judgment cannot be in their best interest.